UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| VICKIE MUNSEY, et al., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:07-CV-445 |
| | ) | | (VARLAN/SHIRLEY) |
| TACTICAL ARMOR PRODUCTS, INC., | ) | | |
| et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on plaintiffs' Motion to Amend [Doc. 20]. Defendants have responded in opposition [Docs. 28; 36] and plaintiffs have filed a reply [Doc. 29]; thus, the motion is now ripe for determination. The Court has carefully reviewed the motion and responsive filings in light of the applicable law. For the reasons set forth herein, plaintiffs' Motion to Amend [Doc. 20] will be granted in part and denied in part.

**I.     Standard of Review**

Plaintiffs seek to amend their complaint after the time for doing so as a matter of course has expired and therefore require the Court's leave. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rationale for this liberal policy is to allow disputes to be resolved on the merits and not as a result of technical objections to the pleadings. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). The Supreme Court has stated that leave to amend should be granted under Rule 15(a) unless there is "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (citing *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)). A motion to dismiss should not be granted unless, taking all well-pleaded allegations as true and construing them in the light most favorable to the non-moving party, there are not sufficient facts to make out all material elements of the claims. *Trezbuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). In order to survive a motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519 (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.   Relevant Facts

Plaintiffs assert claims for benefits allegedly due under a health insurance policy issued by Cariten Health Care to plaintiffs' former employer and defendant, Tactical Armor

2

Products, Inc. Cariten issued the policy pursuant to defendant Tactical Armor Products, Inc.'s group health insurance plan. Through their various pleadings, the parties agree that the plan is an employee welfare benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and that plaintiffs were qualified participants under the plan.

Plaintiffs allege that as part of the plan, defendants withheld money from plaintiffs' paychecks for the purpose of paying certain health insurance premiums to Cariten during the period of May 30, 2006 through September 1, 2006. Plaintiffs allege that defendants stopped paying the health insurance premiums though they continued to deduct sums of money from plaintiffs' pay checks for the alleged purpose of paying the premiums. Plaintiffs allege defendants continued to represent to plaintiffs that they were deducting the money in order to provide health insurance coverage. Plaintiffs allege that instead of using the funds to pay the insurance premiums, defendants commingled the funds they collected into their personal accounts and converted the funds for their personal use.

Due to defendants' failure to pay the premiums, Cariten terminated plaintiffs' health care coverage effective June 1, 2006. Plaintiffs were informed of this termination in August 2006 by a letter from Cariten. Plaintiffs allege that as a result of defendants' actions, they have lost actual money paid for the alleged health insurance coverage, incurred various medical expenses and costs, and are and were not able to get health insurance because of the lapse in coverage.

**III.    Analysis**

Defendants contend that the twelve causes of action stated in the proposed amended complaint are futile and should be denied as a matter of law.  Though the Court notes that the form of plaintiffs' pleadings are not ideal in that they do not specify which factual allegations support each claim, this technical failure is not determinative.  Therefore, the Court will address each of plaintiffs' claims in turn and consider whether plaintiffs allege sufficient facts to support each allegation throughout the entirety of the complaint.

**A.    ERISA Claims**

**1.    Count I**

Count I of the proposed amended complaint alleges that defendants are liable for their actions pursuant to § 502 of ERISA, 29 U.S.C. § 1132.  Section 502 permits an ERISA plan participant to bring a civil action against a fiduciary for benefits under the plan or to otherwise enforce rights under the plan.  29 U.S.C. § 1132; *see also Thurman v. Pfizer, Inc.*, 484 F.3d 855, 860 (6th Cir. 2007); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252-53 (1993).  ERISA defines fiduciary as someone who has "any discretionary authority or discretionary control respecting management [or] the administration" of the plan or has "any authority or control respecting management or disposition of [the plan] assets."  ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

Multiple courts have held that an employer who has control over amounts withheld from employees' paychecks for the purpose of paying ERISA plan premiums is a fiduciary.

4

*See, e.g.*, *Trs. of the Graphic Commc'ns Int'l Union v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008); *In re Bucci*, 493 F.3d 635, 643 (6th Cir. 2007) (citing *Iron Workers' Local No. 25 Pension Fund v. McGuire Steel Erection, Inc.*, 353 F. Supp. 2d 794 (E.D. Mich. 2004)); *Phelps v. C.T. Enters., Inc.*, 394 F.3d 213, 219 4th Cir. 2005); *Carpenters Health & Welfare Trust Fund v. S&S Fashion Floors, Inc.*, 516 F. Supp. 2d 931, 935-36 (C.D. Ill. 2007). Specifically, if an employer does not use the withheld funds to pay the premiums, courts have concluded that the employer necessarily had discretionary authority because it was able to choose to commingle the funds and put them to its own use. *Russo v. B&B Catering, Inc.*, 209 F. Supp. 2d 857, 862 (N.D. Ill. 2002); *see also United States v. Whiting*, 471 F.3d 792, 798-800 (7th Cir. 2006) (finding that criminal defendant converted payroll deductions intended for payment into ERISA plan by leaving the funds in the company's general operating account). Thus, in regard to defendants' alleged failure to apply the monies withheld from plaintiffs' paychecks for payment of the plan premiums, defendants were fiduciaries. Accordingly, plaintiffs may bring a civil action against defendants for benefits under the plan or to otherwise enforce rights under the plan and Count I is not futile.

### 2. Count II

Count II of the proposed amended complaint alleges that defendants violated 29 U.S.C. § 1105. This provision of ERISA provides that "a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary" in certain circumstances when one fiduciary has knowledge of another fiduciary's wrongful actions.

*Id.* Defendants argue that plaintiffs only vaguely allege that defendants were fiduciaries and do not allege that any defendant had knowledge of another defendant's wrongful actions. As discussed above, plaintiffs have alleged sufficient facts to raise a question as to whether defendants were fiduciaries.[1] However, plaintiffs have not alleged that any defendant had knowledge of another defendant's wrongful actions. Accordingly, Count II cannot withstand a motion to dismiss and it is deemed futile.

### 3.	Count III

Count III of the proposed amended complaint alleges that defendants violated ERISA § 409, 29 U.S.C. § 1109, which caused actual losses to the plaintiffs. This provision of ERISA states,

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109.

Section 409 is specifically designed to "protect the financial integrity of the plan." *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 128 S.Ct. 1020, 1024 (2008) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 136-37 (1985)) (internal quotations omitted). Thus,

---

[1] Plaintiffs have referred to defendants collectively when discussing most of defendants' actions. Plaintiffs will have to prove that each defendant engaged in actions which make the individual or company a fiduciary in order to recover from each defendant.

appropriate relief is limited to relief that benefits the plan directly. *See LaRue*, 128 S.Ct. at 1025; *Tullis v. UMB Bank, N.A.*, 515 F.3d 673, 677 (2008). The *LaRue* Court distinguished the situation where a plaintiff seeks benefits authorized by the plan from the situation where a plaintiff seeks consequential damages arising from the delay in processing her claim. 128 S.Ct. at 1025. The Court noted that a plaintiff may recover under the former situation pursuant to § 502(a)(2) and 409, but not under the latter situation. *Id.* at 1024-25.

Plaintiffs here seek to recover losses on behalf of the plan in that they allege that defendants converted the money that should have been used to pay the plan premiums. It is inconsequential that they do not specifically state that they are seeking to recover under the plan. *See Tullis*, 515 F.3d at 680-81. Plaintiffs seek recovery under the plan as long as "[a]ny assets recovered from the defendant would be payable to the plaintiffs only insofar as they are participants in the plan whose account assets were diminished by the alleged breaches of fiduciary duty." *Id.* at 681. Here, plaintiffs allege that defendants owe to the plan the money that should have been paid in the form of premiums. Accordingly, plaintiffs' claim for relief pursuant to 29 U.S.C. § 1109 would survive a motion to dismiss and the amendment adding this claim is not futile to the extent that it requests to recover any losses to the plan.

### 4. Count IV

Count IV of the proposed amended complaint alleges that defendants violated ERISA § 404, 29 U.S.C. § 1104, in the exercise of their fiduciary duties. This provision of ERISA

7

outlines the duties of a fiduciary under ERISA. It does not provide for any civil action or remedies. *But see* 29 U.S.C. § 1132. Plaintiffs assert a claim pursuant to 29 U.S.C. § 1132, and thus, to the extent that plaintiffs assert a claim for violation of fiduciary duties in this Count, it is improperly redundant. *See* Fed. R. Civ. P. 12(f) ("The Court may strike . . . any redundant, impertinent, or scandalous matter."). Accordingly, Count IV is deemed futile because it is merely redundant.

### 5. Count V

Count V of the proposed amended complaint alleges that defendants violated 29 U.S.C. § 1145. This provision of ERISA states,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Defendants note, and plaintiffs agree, that this provision deals only with multiemployer plans. A multiemployer plan is defined as "a plan– (i) to which more than one employer is required to contribute, (ii) which is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer, and (iii) which satisfies such other requirements as the Secretary may prescribe by regulation." 29 U.S.C. § 1002(37). Defendants argue that the plan at issue here was not a multiemployer plan because it was set up for the employees of Tactical Armor Products only. [Doc. 28.] Plaintiffs reply that they believe that the plan was part of a multiemployer plan based upon

8

the relationships and intertwined corporations of the defendants and that further discovery is needed to confirm this fact. [Doc. 29.]

Review of the proposed amended complaint reveals that plaintiffs did not properly allege that the employee welfare benefit plan at issue was part of a multiemployer plan. To the contrary, plaintiffs specifically refer to the plan as "the Tactical Armor Products employee welfare benefit plan." Accordingly, plaintiffs' claim that defendants violated 29 U.S.C. § 1145 cannot survive a motion to dismiss and it is deemed futile.

### 6. Count VI

Count VI of the proposed amended complaint alleges that defendants violated 29 U.S.C. § 1152 for their failure to provide notice. Defendants note that there is no such statute. In their reply, plaintiffs indicate that they meant to allege a violation of 29 U.S.C. § 1452. Defendants supplemented their response to address plaintiffs' claim under § 1452. As defendants note, § 1452 only applies to multiemployer plans and it does not provide for a private cause of action. Accordingly, plaintiffs cannot state a claim upon which relief can be granted under § 1452 and this Count is deemed futile.

### 7. Count VII

Count VII of the proposed amended complaint alleges that defendants violated 29 U.S.C. §§ 1341 and 1341(a). This provision of ERISA, § 4041, provides the rules employers must follow in terminating single-employer plans. Defendants argue that this provision of ERISA only applies to retirement plans, and therefore does not apply to this case as the plan

9

at issue is only a health plan. Plaintiffs disagree that this section of ERISA is only applicable to retirement plans and argue that it should be applied to the plan at issue here.

As noted by defendants, this section of ERISA is part of the 1986 amendment to the subchapter dealing specifically with the Pension Benefit Guaranty Corporation, which oversees only pension plans. *See Mertens*, 508 U.S. at 259; *see also* 29 U.S.C. § 1302(a) (giving the purposes of the subchapter); *Beck v. Pace Int'l Union*, 127 S. Ct. 2310 (2007) (noting that this section of "ERISA sets forth the exclusive procedures to the standard termination of single-employer pension plans"). Therefore, the Court agrees with defendants that ERISA § 4041 applies only to pension plans and thus is inapplicable here. Accordingly, plaintiffs' claim under § 4041 cannot survive a motion to dismiss and it is deemed futile.

### 8. Count VIII

Count VIII of the proposed amended complaint alleges that defendants violated 29 U.S.C. § 1021 in failing to provide reports of the plan as required. This provision of ERISA requires the administrator of an employee welfare benefit plan to disclose and report certain information to each participant and to the Secretary of Labor. *Id.* As defendants note, plaintiffs make no specific allegations as to which reports of the plan were not provided. All plaintiffs allege is that defendants "fail[ed] to provide reports of the plan as required." Conclusory statements are not sufficient to survive a motion to dismiss. *See Bishop*, 520 F.3d at 519 (citation omitted). Thus, this claim is deemed futile.

10

### 9. Alleged Failure to Provide COBRA Notice

Count IX of the proposed amended complaint alleges that defendants violated 29 U.S.C. §§ 1161-1166 in failing to provide continuing coverage. These sections of ERISA require the plan sponsor of an employee welfare benefit plan to offer continuing coverage to certain individuals. Specifically, § 1161(a) provides,

> The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

There are six types of qualifying events:

> (1) The death of the covered employee.
>
> (2) The termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment.
>
> (3) The divorce or legal separation of the covered employee from the employee's spouse.
>
> (4) The covered employee becoming entitled to benefits under title XVIII of the Social Security Act.
>
> (5) A dependent child ceasing to be a dependent child under the generally applicable requirements of the plan.
>
> (6) A proceeding in a case under Title 11, commencing on or after July 1, 1986, with respect to the employer from whose employment the covered employee retired at any time.

29 U.S.C. § 1163. Employers do not have a duty to provide continuing coverage beyond the end of the plan. 29 U.S.C. § 1162(2)(B). The end of plan is defined as "[t]he date on which the employer ceases to provide any group health plan to any employee." *Id.*

11

Defendants argue that plaintiffs have not alleged that any one of these qualifying events occurred. Plaintiffs reply that their termination was a qualifying event. Though this argument is not clear from the proposed amended complaint, plaintiffs argue in their reply brief that an employee welfare benefit plan was in effect at the time of their termination because, though the Cariten Healthcare plan may not have been in effect, a self-funded employee welfare benefit plan was created by defendants' continued collection of money for health insurance premiums. [*See* Doc. 29.]

Even if the Court finds that there was a plan in effect at the time of plaintiffs' termination, plaintiffs do not allege termination in the proposed amended complaint. Termination can only be presumed from plaintiffs' assertion that defendants closed their Tactical Armor, Inc. plant and plaintiffs' statement that, "The Plaintiffs remained continuously employed during the period of the Employer Benefits Plan referenced herein, and until the Defendants closed its operation at the Plaintiffs' place of employment." [Doc. 20-4 ¶¶ 48, 25.] Plaintiffs do not allege that defendants continued to provide any group health plan to any employee beyond the date of the plant's closure. Thus, plaintiffs have not sufficiently alleged that a qualifying event occurred before the end of plan. Therefore, plaintiffs have not alleged facts to support a claim that defendants were obligated to provide continuing coverage to plaintiffs and this claim is deemed futile.

## B. Preemption of State Law Claims

ERISA's express preemption provision preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). A state law related to an employee benefit plan is preempted even if the effect of the law is indirect, however, it cannot be "too tenuous, remote, or peripheral." *Thurman*, 484 F.3d at 861 (citations omitted). The Sixth Circuit has held that ERISA clearly preempts state law claims "that (1) 'mandate employee benefit structures or their administration;' (2) provide 'alternate enforcement mechanisms;' or (3) 'bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.' " *Id.* (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir.2005) ("*PONI*")). Plaintiffs' state law claims for fraud, conversion, and negligence do not fall within any of these categories.

For claims that do not fall into one of those three categories, the court must look to whether the remedy sought by plaintiffs is plan-related. *Thurman*, 484 F.3d at 861.

> Where resolution of the [state law] claim necessarily requires evaluation of the plan and the parties' performance pursuant to it, the claim is preempted. In the alternative, where the resolution of a [state law] claim does not require interpreting the parties' responsibilities under the plan, or where the requested remedy refers to the plan only for the purpose of defining "specific, ascertainable damages," we have held that such claims are not preempted.

13

*Id.* at 862 (internal citations omitted). In order for a state law claim not to be preempted, plaintiffs must allege a "violation of a legal duty independent of ERISA." *Id.* at 863 (quoting *Briscoe v. Fine*, 444 F.3d 478, 498 (6th Cir. 2006).

### 1. Count X and Count XI

Count X of the proposed amended complaint alleges that defendants committed fraud by inducing plaintiffs to continue making payments for health insurance premiums even though the employee welfare benefit plan at issue had been cancelled by Cariten Healthcare for nonpayment of premiums. Count XI of the proposed amended complaint alleges that defendants converted the money that was deducted from plaintiffs's paychecks for the payment of premiums for their own use. These claims are related to the employee welfare benefit plan because defendants were allegedly withholding money from plaintiffs' paychecks for the purpose of paying the premium of the plan. Plaintiffs allege that defendants' legal duty existed due to the ERISA plan. Plaintiffs argue that the plan required that defendants submit the withheld money for the payment of plaintiffs' premiums. Thus, resolution of plaintiffs claims for fraud and conversion require evaluation of the ERISA plan. Accordingly, these state law claims are preempted by ERISA and are deemed futile.

### 2. Count XII

Count XII of the proposed amended complaint alleges conspiracy to defraud and states that plaintiffs are entitled to equitable relief under ERISA. Because plaintiffs' claim of fraud is preempted by ERISA, so is their claim of conspiracy to defraud. Additionally, to the extent that this claim requests equitable relief under ERISA, that claim is merely

14

redundant. Within this Count, plaintiffs also allege a claim for punitive damages. Punitive damages are not available under ERISA. *See* 29 U.S.C. § 1132(a)(1)(B). According, Count XII is deemed futile.

### IV. Conclusion

For the reasons discussed herein, plaintiffs' Motion to Amend [Doc. 20] is hereby **GRANTED in part** to the extent that the complaint may be amended to allege the proposed Counts I and III and **DENIED in part** to the extent that Counts II and IV-XII of the proposed amended complaint are deemed futile and may not be alleged. Plaintiffs are directed to file electronically an amended complaint alleging the claims stated in Counts I and III of the proposed amended complaint and otherwise consistent with this order within ten (10) days.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE