UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VICKIE MUNSEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:07-CV-445 |
| ) | (VARLAN/SHIRLEY) |
| TACTICAL ARMOR PRODUCTS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on the Motion of Defendants Tactical Armor Products, Inc., Perfect World Enterprises, LLC, Elinore Kaye, David Brooks, Terry Brooks and Jeffrey Brooks to Dismiss Plaintiffs' Amended Complaint [Doc. 9]. Defendants argue that plaintiffs' claims are preempted by ERISA and that the Court does not have personal jurisdiction over defendant Elinore Kaye. Plaintiffs have responded in opposition [Doc. 19] in which they agree that ERISA preempts their state law claim and argue that the Court has personal jurisdiction over Elinore Kaye. Defendants filed a reply [Doc. 22]. The Court has carefully considered the pending motion and the related pleadings in light of the applicable law and for the reasons set forth below, defendants' motion will be granted to the extent that plaintiffs' state law claims will dismissed as to all defendants and Elinore Kaye will be dismissed as a defendant in this case.

## I. Standard of Review

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519 (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

The issue is not whether the plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## II. Relevant Facts

Plaintiffs assert claims for benefits allegedly due under a health insurance policy issued by Cariten Health Care to plaintiffs' former employer and defendant, Tactical Armor Products, Inc. Cariten issued the policy pursuant to defendant Tactical Armor Products, Inc.'s group health insurance plan. Through their various pleadings, the parties agree that the plan is an employee welfare benefit plan as defined in the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* and that plaintiffs were qualified participants in the plan.

Plaintiffs alleged that as part of the plan, defendants withheld money from plaintiffs' paychecks for the purpose of paying certain health insurance premiums to Cariten during the period of May 30, 2006 through September 1, 2006. Plaintiffs allege that defendants stopped paying the health insurance premiums though they continued to deduct sums of money from plaintiffs' pay checks for the alleged purpose of paying the premiums. However, plaintiffs allege defendants continued to represent to plaintiffs that they were deducting the money in order to provide health insurance coverage. Plaintiffs allege that defendants co-mingled the funds they collected into their personal accounts and converted the funds for their personal use.

Due to defendants' failure to pay the premiums, Cariten terminated plaintiffs' health care coverage effective June 1, 2006. Plaintiffs were informed in August 2006 that their health insurance had been terminated through a letter from Cariten. Plaintiffs allege that as a result of defendants' actions, they have lost actual money paid for the alleged health insurance coverage, incurred various medical expenses and costs, and are and were not able to get health insurance because of the lapse in coverage.

**III.  Analysis**

  **A.  ERISA Preemption**

Defendants argue that plaintiffs' state law claims are preempted by ERISA. Plaintiffs concede to ERISA preemption in their response; however, they contemporaneously filed a

3

motion to amend their complaint. In the proposed amended complaint, plaintiffs allege claims pursuant to ERISA. The Court carefully considered plaintiffs' motion to amend complaint and as the Court fully discussed in its order on that motion, the Court determined that two of plaintiffs' proposed claims under ERISA could survive a motion to dismiss. Accordingly, the Court will grant defendants' motion to dismiss plaintiffs' amended complaint based upon ERISA preemption to the extent that plaintiffs' state law claims are dismissed, but this case will not be dismissed its entirety because plaintiffs now allege claims under ERISA.

### B. Elinore Kaye

The only claims that remain against defendants are against defendants as fiduciaries of an employee welfare benefit plan. Defendants agree that this Court would have personal jurisdiction over Elinore Kaye if plaintiffs stated a cause of action against her under ERISA. However, Defendants allege that defendant Elinore Kaye was not a fiduciary of an ERISA plan and therefore should be dismissed as a defendant.

> "A person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition if its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

29 U.S.C. § 1002(21)(A). "A person . . . who performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with employees, and

4

calculating benefits, is not a fiduciary under ERISA." *Baxter v. C.A. Muer Corp.*, 941 F.2d 451,455 (6th Cir. 1991) (citing 29 C.F.R. § 2509.75-8 D-2).

Defendants submitted an affidavit of Elinore Kaye in which she states that she performed bookkeeping functions for Tactical Armor Porducts, Inc. from August 2002 until November 2006 and that she never had "any decision-making authority relating to the administration of Defendant TAP's benefits plans." [Doc. 10-4.] Plaintiffs do not dispute the facts alleged by defendants but only allege that Ms. Kaye "was doing business as Tactical Armor Products, Inc., and/or acting as a fiduciary for said company." [Doc. 20-4.] The Court agrees that plaintiffs have not alleged sufficient facts to show that Elinore Kaye was a fiduciary under the plan and accordingly, she will be dismissed as a defendant in this case.

## IV. Conclusion

For the reasons set forth herein, the Motion of Defendants Tactical Armor Products, Inc., Perfect World Enterprises, LLC, Elinore Kaye, David Brooks, Terry Brooks and Jeffrey Brooks to Dismiss Plaintiffs' Amended Complaint [Doc. 9] is hereby **GRANTED** to the extent that plaintiffs' state law claims are dismissed as to all defendants and Elinore Kaye is dismissed as a defendant in this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE