UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICKIE MUNSEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-445 |
| | ) | (VARLAN/SHIRLEY) |
| TACTICAL ARMOR PRODUCTS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on the Motion of Defendants Tactical Armor Products, Inc., Perfect World Enterprises, Elinore Kaye, David Brooks, Terry Brooks, and Jeffrey Brooks to Strike Exhibit Filed by Plaintiffs [Doc. 33], in which moving defendants request that the Court strike the document filed as an exhibit to plaintiffs' response to defendants' motion for summary judgment entitled Superseding Indictment [Doc. 30-4], which sets forth certain Grand Jury charges against David H. Brooks and Sandra Hatfield. Plaintiffs have filed a response in opposition [Doc. 35.]

Defendants move to strike the indictment on the grounds that it is unduly and unfairly prejudicial to moving defendants, in particular David Brooks, and it is inadmissible hearsay. Defendants also note that the filed document is not a certified copy, nor is it otherwise authenticated and there is no evidence that the allegations set forth in the document are true.

Plaintiffs respond that they did not file the indictment to prejudice defendants, but rather to show "the significant intertwinement of the multiple Defendants in this cause." [Doc. 35.] Plaintiffs assert that their former employer, Tactical Armor Products, Inc., was controlled by various other defendants and that this fact supports denial of defendants DHB Industries, Inc., Point Blank Body Armor, Inc., Protective Apparel Corporation of America, and NDL Products, Inc.'s Motion for Summary Judgment [Doc. 24]. Because there has not yet been any discovery in this case, plaintiffs state that they filed the Superseding Indictment because they only have limited evidence to show this connection between defendants.

The Court agrees with defendants that the Superseding Indictment is hearsay that does not fall within any hearsay exception. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Plaintiffs state that they filed the indictment to show the connection among defendants. In order for the Superseding Indictment to be used for this purpose, it must be considered for the truth of the matter asserted and, therefore, it is hearsay. Additionally, it does not fall into any of the categories of hearsay exceptions. *See* Fed. R. Evid. 803.

Accordingly, for the reasons stated herein, the Motion of Defendants Tactical Armor Products, Inc., Perfect World Enterprises, Elinore Kaye, David Brooks, Terry Brooks, and Jeffrey Brooks to Strike Exhibit Filed by Plaintiffs [Doc. 33] is hereby **GRANTED**. The clerk of the Court is **DIRECTED** to withdraw an exhibit to plaintiffs' response to

2

Case 3:07-cv-00445   Document 39   Filed 09/30/08   Page 2 of 3   PageID #: 193

defendants' motion for summary judgment entitled Superseding Indictment [Doc. 30-4] from the record.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
