UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| VICKIE MUNSEY, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No.: 3:07-CV-445 |
| | ) | (VARLAN/SHIRLEY) |
| TACTICAL ARMOR PRODUCTS, INC., et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Defendants' Motion for Summary Judgment [Doc. 24; *see also* Docs. 25; 26; 27] filed by defendants DHB Industries, Inc., Point Blank Body Armor, Inc., Protective Apparel Corporation of America, and NDL Products, Inc. (collectively "moving defendants"). Plaintiffs have responded in opposition [Doc. 30] and the matter is now ripe for determination. The Court has carefully considered the pending motion, along with the parties' briefs, affidavits, and other relevant filings. For the reasons set forth herein, Defendants' Motion for Summary Judgment [Doc. 24] will be granted.

**I.     Relevant Facts**

As the Court is required to do in reviewing a motion for summary judgment, all facts will be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiffs assert claims for benefits allegedly due under a health insurance policy issued by Cariten Health Care to plaintiffs' former employer and defendant, Tactical Armor Products, Inc. Plaintiffs allege that as part of the plan, defendants withheld money from plaintiffs' paychecks for the purpose of paying certain health insurance premiums to Cariten. Plaintiffs allege that defendants stopped paying the premiums though they continued to deduct sums of money from plaintiffs' pay checks and continued to represent to plaintiffs that they were deducting the money in order to provide health insurance coverage. Plaintiffs allege that defendants co-mingled the funds they collected into their personal accounts and converted the funds for their personal use. Due to defendants' failure to pay the premiums, Cariten terminated plaintiffs' health care coverage effective June 1, 2006.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson*, 477 U.S. at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### III.  Analysis

DHB Industries, Inc., Point Blank Body Armor, Inc., Protective Apparel Corporation of America, and NDL Products, Inc. move for summary judgment on the grounds that they are separate companies from plaintiffs' former employer, Tactical Armor Products, Inc. and had no involvement with the factual allegations in this case. Specifically, through an Affidavit of John Siemer, Chief of Staff of Point Blank Body Armor, Inc., moving defendants assert that they were never an employer, a supervisor, or a controlling entity regarding the employment, a condition of employment, or medical insurance funds with regard to plaintiffs; they never withheld or deducted any funds from the plaintiffs' paychecks; and they never made any representations regarding plaintiffs' healthcare. [Doc. 27.] Plaintiffs respond that they suspect that there are facts to support piercing the corporate

3

veil and holding moving defendants responsible for the actions of the other defendants. [Doc. 30.]

Plaintiffs' response merely makes unsupported allegations and denials of moving defendants' arguments. A party responding to a motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). Plaintiffs seem to agree that they do not meet the requirements of Rule 56(e)(2), but state that they need more time for discovery before they can set forth supporting factual allegations.

Plaintiffs argue that pursuant to Federal Rule of Civil Procedure 56(f), "the Court may allow the opposing party time in which to make applicable discovery to set forth affirmative facts essential to justify its opposition to summary judgment." [Doc. 30-3.] Unfortunately for plaintiffs, the Court may only do so when plaintiffs have properly supported their allegation of the need for more discovery. Federal Rule of Civil Procedure 56(f) states,

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Rule 56(f) specifically requires an affidavit while other portions of Rule 56 are more flexible. *See* Fed. R. Civ. P. 56(e)(2) (stating that a response to a motion for summary judgment may be supported "by affidavits or as otherwise provided"). Thus, plaintiffs are required to

4

submit an affidavit setting forth the reasons why they cannot fully oppose the motion at this time.

Although plaintiffs' response to defendants' motion to strike the indictment [Doc. 35] addresses the reasons plaintiffs cannot present facts essential to justify their opposition at this time, a response to a motion is not the proper manner for making this assertion. Thus, plaintiffs have failed to provide any supported facts which dispute those contained in John Siemer's affidavit and, based on the undisputed facts, moving defendants are entitled to judgment as a matter of law.

**IV. Conclusion**

For the reasons set forth herein, the Court finds that on the undisputed facts, moving defendants are entitled to judgment as a matter. Accordingly, Defendant's Motion for Summary Judgment [Doc. 24] is hereby **GRANTED**. Defendants DHB Industries, Inc., Point Blank Body Armor, Inc., Protective Apparel Corporation of America, and NDL Products, Inc. are hereby **DISMISSED** as defendants in this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE