UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICKIE MUNSEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-445 |
| | ) | (VARLAN/SHIRLEY) |
| TACTICAL ARMOR PRODUCTS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on the Motion of Defendants Tactical Armor Products, Inc., Perfect World Enterprises, LLC, David Brooks, Terry Brooks, and Jeffrey Brooks to Dismiss Plaintiffs' Amended Complaint [Doc. 45]. Plaintiffs have responded in opposition [Doc. 47] and defendants have filed a reply [Doc. 48].

**I.   Standard of Review**

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008)*; see also* Fed. R. Civ. Pro. 12(b)(6). The complaint must contain a "short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.

2003). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519 (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

The issue is not whether the plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## II. Relevant Facts

Plaintiffs assert claims for benefits allegedly due under a health insurance policy issued by Cariten Health Care ("Cariten") to defendants Tactical Armor Products, Inc., plaintiffs' former employer. Cariten issued the policy pursuant to defendants' group health insurance plan. Through their various pleadings, the parties agree that the plan at issue ("the Cariten Plan") is an employee welfare benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and that plaintiffs were qualified participants.

Plaintiffs alleged that as part of the Cariten Plan, defendants withheld money from plaintiffs' paychecks for the purpose of paying certain health insurance premiums to Cariten during the period of May 30, 2006 through September 1, 2006. Plaintiffs allege that defendant stopped paying the health insurance premiums though they continued to deduct sums of money from plaintiffs' pay checks for the alleged purpose of paying the premiums.

2

However, plaintiffs allege defendants continued to represent to plaintiffs that they were deducting the money in order to provide health insurance coverage. Plaintiffs allege that defendants co-mingled the funds they collected into their personal accounts and converted the funds for their personal use.

Due to defendants' failure to pay the premiums, Cariten terminated plaintiffs' health care coverage effective June 1, 2006. Plaintiffs were informed in August 2006 that their health insurance had been terminated through a letter from Cariten. Plaintiffs allege that as a result of defendants' actions, they have lost actual money paid for the alleged health insurance coverage, incurred various medical expenses and costs, and are and were not able to get health insurance because of the lapse in coverage.

Plaintiffs filed a Motion to Amend their initial Complaint and attached to such motion a proposed twelve-count Amended Complaint alleging various causes of action under ERISA and the common law. Defendants filed an Opposition to the Motion to Amend. The Court denied plaintiffs leave to amend their Complaint to the extent that all but Counts I and III of the proposed Amended Complaint would be futile. The Court granted plaintiffs leave to proceed with Counts I and III of the proposed Amended Complaint and ordered plaintiffs to file an amended complaint consistent with that Order.

Plaintiffs' Amended Complaint asserts claims for equitable relief pursuant to 29 U.S.C. § 1132 (Count I), and fiduciary liability to return profits realized through breach of fiduciary duty pursuant to 29 U.S.C. § 1109 (Count II). Defendants filed a motion to dismiss

3

the Amended Complaint [Doc. 45]; plaintiffs responded in opposition [Doc. 47]; and defendants filed a reply [Doc. 48]. Thus, the matter is now ripe for determination.

**III.    Analysis**

Defendants argue that Count I of plaintiffs' Amended Complaint is futile and should be dismissed because plaintiffs were not denied any benefits under the terms of the Cariten Plan. Defendants argue that Count II of plaintiffs' Amended Complaint should also be dismissed because the claim is not authorized by ERISA because plaintiffs are not seeking recovery on behalf of the Cariten Plan [Doc. 45]. Count I and Count II are the same counts alleged by plaintiffs in their proposed twelve-count Amended Complaint (originally "Count I" and "Count III") [*See* Doc. 20]. These counts were opposed by defendants [Docs. 28, 36]. Following briefing by the parties, the Court found ten counts to be futile but determined that two counts, the claims at issue in this motion, were not futile and directed plaintiffs to re-file these two counts as plaintiffs' Amended Complaint [*See* Docs. 37, 41]. Since that time, defendants have objected again to these same counts and the parties have submitted further arguments. Therefore, in light of the submitted arguments and relevant law, the Court will again address Count I and Count II of plaintiffs' Amended Complaint, and will consider whether the facts alleged in the Amended Complaint are sufficient to state a claim under a viable legal theory.

4

### 1. Count I - Claim for Equitable Relief Pursuant to 29 U.S.C. § 1132

Count I of the Amended Complaint alleges that defendants are liable for their actions pursuant to § 502 of ERISA, 29 U.S.C. § 1132. Section 502 permits an ERISA plan participant to bring a civil action against a fiduciary for benefits under the plan or to otherwise enforce rights under the plan. 29 U.S.C. § 1132; *see also Thurman v. Pfizer, Inc.*, 484 F.3d 855, 860 (6th Cir. 2007); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252-53 (1993). For ERISA purposes, a fiduciary is someone who has "any discretionary authority or discretionary control respecting management [or] the administration" of the plan or has "any authority or control respecting management or disposition of [the plan] assets." ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A). Actions under § 1132 are "relatively straightforward," "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Thurman*, 484 F.3d at 866 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). Thus, for ERISA purposes, "[a] participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits." *Id.*

Defendants argue that plaintiffs have failed to state a claim under § 1132(a) because plaintiffs have not satisfied their burden of proof and established an entitlement to coverage under the terms of the Cariten Plan. Defendants assert that the Cariten Plan at issue specifically provides that "coverage will be terminated if the full premium is not received prior to the expiration of the grace period." Thus, defendants argue, because the premiums were not paid, coverage was terminated and there was no duty on the part of the Cariten Plan

to pay benefits to plaintiffs. Therefore, defendants argue, the remedy plaintiffs seek—the payment of benefits—is not available according to the terms of the Cariten Plan policy.

In response, plaintiffs argue that the Cariten Plan was in effect and coverage had not been terminated from May 30, 2006 until September 1, 2006, the time in which plaintiffs are claiming entitlement to benefits [Doc. 41, ¶ 28]. Plaintiffs offer two arguments as to whether a plan was in effect. First, plaintiffs argue that the Cariten Plan was in effect from May 30, 2006 through September 1, 2006 because Cariten was "working with defendants" to catch up the payment of premiums and had agreed to continue coverage, despite defendants' non-payment of the premiums [Doc. 47, p. 3]. During this time, plaintiffs allege that they had no knowledge of the defendants' failure to pay the premiums [*Id.*, pp. 3-4]. Plaintiffs argue that it was not until they received notice of the termination, in the August 2006 termination letter, that plaintiffs' entitlement to benefits ended [*Id.*]. Alternatively, plaintiffs argue that the actions of defendants during this time period should be treated as creating a self-funded employee benefit plan [*Id.*].

The existence of an employee benefit plan that falls under ERISA is a fact-based inquiry, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person. *See Thompson v. American Home Assurance, Co.*, 95 F.3d 429, 434-35 (6th Cir. 1996).

> In determining whether a plan is an ERISA plan, a district court must undertake a three-step factual inquiry. First, the court must apply the so-called 'safe harbor' regulations . . . to determine whether the program was exempt from ERISA. Second, the court must look to see if there was a 'plan' by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits.' Finally, the court must ask whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees.

*Id.* (citations omitted) (brackets in original). In this case, the parties seem to agree that the Cariten Plan at issue was an ERISA plan, and that it was in effect at least prior to May 30, 2006.

Defendants assert that the Cariten Plan terminated upon non-payment of the premiums. Plaintiffs assert that it did not terminate at that time, or, alternatively, that the actions of defendants created a self-funded employee benefit plan. The Court finds this to be a factual dispute. Because "[a] motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations[,]" the complaint will be construed in a light "most favorable [to the plaintiff] and [the Court will] accept all . . . factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. Pro. 12(b)(6).

Accordingly, if the Court takes plaintiffs' factual assertions as true, that Cariten held coverage open under the Cariten Plan, despite the non-payment of premiums, and that coverage and plaintiffs' entitlement to benefits only actually terminated in August 2006, then plaintiffs would have stated a claim for benefits pursuant to § 1132(a). *See* 29 U.S.C. § 1132(a) (stating that a participant may "recover benefits due to him under the terms of his

7

plan" or "to enforce his rights under the terms of the plan). Whether plaintiffs can show that the Cariten Plan continued after non-payment of premiums or whether a self-funded employee benefit plan was created are questions of fact that plaintiff must prove in the next stage of this litigation. Accordingly, plaintiffs have stated a claim for relief under 29 U.S.C. § 1132 and Count I is deemed not futile to the extent plaintiffs are entitled to losses under the terms of a plan that was in effect from May 30, 2006 until September 1, 2006.

### 2. Count II - Claim for Breach of Fiduciary Duty Pursuant to 29 U.S.C. § 1109

Count II of plaintiff's Amended Complaint alleges that defendants violated 29 U.S.C. § 1109 and caused actual losses to plaintiffs in the form of "loss of actual money . . . medical expenses, costs, and other damages" and thus plaintiffs are entitled to "equitable relief as set out by 29 U.S.C. § 1001, *et seq*." [Doc. 41, ¶ 39]. Defendants argue that plaintiffs' claim for relief is insufficient because plaintiffs are not seeking to recover on behalf of the Cariten Plan or to remedy any harm done to the Cariten Plan, but are seeking to recover for their own benefit.

As was previously noted in this Court's Memorandum and Order, appropriate relief is limited to relief that benefits the plan directly. *See LaRue v. DeWolff, Boberg & Assocs., Inc.*, 128 S.Ct 1020, 1025 (2008); *Tullis v. UMB Bank, N.A.*, 515 F.3d 673, 677 (2008) [*See* Doc. 37]. Thus, a plaintiff may only recover in a situation where a plaintiff seeks benefits authorized by the plan. *See LaRue*, 128 S.Ct at 1025. However, as previously noted by this Court, it is inconsequential that plaintiffs do not specifically state that they are seeking to

8

recover under a plan. *See Tullis*, 505 F.3d at 680-81. As stated in *Tullis*, "[i]f we accept the truth of plaintiffs' allegations, the plan . . . would have had greater assets but for the defendant's actions . . . .[and thus,] the value of the ERISA plan diminished because of the defendant's actions. To hold otherwise would elevate form over substance." *Id.* at 680-81.[1]

Here, plaintiffs have alleged that they suffered losses under the Cariten Plan because of defendants' alleged breach of fiduciary duty. Plaintiffs are therefore seeking to recover losses, in the form of the unpaid premium payments, that would have inured to the Cariten Plan but for the alleged breach of fiduciary duty of defendants. Any losses and any profits would be restored to the Cariten Plan and any relief to plaintiffs would only be allocated to plaintiffs for their own benefit if plaintiffs were entitled to benefits pursuant to the terms of the Cariten Plan. Thus, plaintiffs' recovery under 29 U.S.C. § 1109 would be indirect, not like the direct recovery § 1109 permits for the Cariten Plan itself.

In addition, Count II of plaintiffs' Amended Complaint specifically states that plaintiffs are claiming entitlement to "equitable relief" under 29 U.S.C. § § 1001, *et seq*.

---

[1] In *Tullis*, participants in a plan sought compensation as individuals rather than for the plan as a whole under 29 U.S.C. § 1109. *Tullis*, 515 F.3d at 675. The district court concluded that, under § 1109, a "loss to the plan" meant that the plaintiffs had to seek compensation for the entire plan and not as individuals, even though all of the participants in the plan were not affected by the breach. *Id.* at 675-76. Accordingly, the district court held that the plaintiffs did not have standing to bring their breach of fiduciary duty claims under ERISA. *Id.* at 675. Reversing the decision of the district court, the appellate court found that the nature of the relief sought by the plaintiffs, the payment of money to the plan, was the same, even though the plaintiffs had requested compensation as individuals. *Id.* Accordingly, the appellate court found that any recovery of losses would inure to the plan before being allocated to the individual accounts affected by the fiduciary breach. *Id.* at 678-81. Thus, it was the nature of the relief sought and where that recovery would inure to that mattered, not the specific language in the plaintiffs' claim for relief. *Id.*

9

Likewise, for a violation of § 1109(a), a court may award "other equitable or remedial relief as the court may deem appropriate." *See* 29 U.S.C. § 1109(a). Thus, at its most basic, and taking plaintiffs' factual allegations as true, plaintiffs have alleged a "short and plan statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. Pro. 8(a)(2).

The Court recognizes the point made by defendants that plaintiffs have stated their claim in a rather confusing manner and continue to assert that "[p]laintiffs have sued to recover benefits they are entitled to . . . [as] participants of the plan." [Doc. 47, pp. 4-5]. However, the Court reads this assertion as plaintiffs' pursuit of recovery as participants in the Cariten Plan and on behalf of the Cariten Plan, not as plaintiffs seeking individual compensation for an alleged breach of fiduciary duty. Therefore, in light of the relatively liberal standard of review for a Rule 12(b)(6) motion and plaintiffs' request for "equitable relief" for a violation of 20 U.S.C. § 1109, the Court finds that plaintiffs have stated a claim that survives a motion to dismiss. Accordingly, the Court finds that to the extent that plaintiffs have stated a claim to recover any loses to the Cariten Plan resulting from the unpaid premiums, plaintiffs' claim for relief pursuant to 29 U.S.C. § 1109 is not futile.

**IV. Conclusion**

For the reasons set forth herein, the Motion of Defendants Tactical Armor Products, Inc., Perfect World Enterprises, LLC, David Brooks, Terry Brooks, and Jeffrey Brooks to Dismiss Plaintiffs' Amended Complaint [Doc. 45] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE